UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00171-MR-WCM

| JAMES DAVID NANNEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
|  | ) |  |
| DAVID BOYLE, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1]. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 5].

**I.    BACKGROUND**

Pro se Plaintiff James David Nanney ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Nash Correctional Institution in Nashville, North Carolina. On June 30, 2023, he filed this action against Defendant David Boyle, identified as "counsel of record" and alleged to reside in California. [Doc. 1]. Plaintiff alleges that he owns a construction company called "RENT-A-MAN" and that, on or about April 3, 2015, "in a same sex marriage brief" in Case Nos. 14-556, 14-562, 14-571, and 14-574, Defendant Boyle used the name "RENT-A-MAN as a gay company." [Id. at

2]. Plaintiff complains that Defendant's brief stated, "The reasonably least restrictive means are used as well. For example, rediverse, gender role models would it really be less restrictive to have the Government provide two male spouses a visiting … female breast feeder and role model for children or give female wives a 'rent-a-man' as a male role model for children." [Id. (errors uncorrected)]. Plaintiff claims that Defendant Boyle's use of this term "is slanderous and violates RENT-A-MAN name" and violates Plaintiff's Fourteenth Amendment rights. [Id. (error uncorrected)]. Plaintiff claims he has suffered "business damage" and seeks $3 billion in relief. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly

2

Case 1:23-cv-00171-MR-WCM   Document 6   Filed 08/14/23   Page 2 of 5

baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Notwithstanding any jurisdictional issues,[1] Plaintiff's Complaint is necessarily barred by the statue of limitations. North Carolina has a one-year statute of limitations for libel and slander claims. Yanke v. Mueller Die Cut Solutions, Inc., No. 3:03-cv-527, 2007 WL 437694, at *12 (W.D.N.C. Feb. 5, 2007) (citing N.C.G.S. § 1-54(3)). Plaintiff alleges that the statement was published in 2015. As such, the statute of limitations has long since expired.

Even if the Complaint were not barred, Plaintiff failed to state a claim for relief in any event. Under North Carolina law, to make out a prima facie

---

[1] It appears that the Court lacks jurisdiction over Plaintiff's Complaint. There is no federal question at issue here. See 28 U.S.C. § 1331. While Plaintiff seeks $3 billion in damages and alleges that he and the sole Defendant reside in different states, Plaintiff's allegations do not support an amount in controversy above $75,000. As such, it appears that the Court also lacks diversity jurisdiction over the Plaintiff's Complaint. See 28 U.S.C. § 1332(a).

case for defamation, a plaintiff must allege and prove that the defendant made false, defamatory statements of or concerning plaintiff, which were published to a third person, causing injury to the plaintiff's reputation. Cannon v. Peck, 36 F.4th 547, 559 (2022). Defendant Boyle's alleged tongue-in-cheek use of the term "rent-a-man" in an appellate brief was clearly not directed at or related to Plaintiff's business, nor has Plaintiff shown any reputation injury. Also, Plaintiff's allegations do not implicate the Fourteenth Amendment in any respect.

Because amendment here would be futile, the Court will dismiss Plaintiff's Complaint with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint with prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is hereby **DISMISSED with prejudice** for Plaintiff's failure to state a claim for relief.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: August 14, 2023

Martin Reidinger
Chief United States District Judge